### WEDGE *v.* McMAHON *et al.*

*(Supreme Court, General Term, Fifth Department.　October 23, 1890.)*

APPEAL—REVIEW OF EVIDENCE—QUESTION FOR JURY.

　　In an action for the conversion of saw-logs and railroad ties, the evidence was conflicting whether the logs and ties were cut from plaintiff's land or from ad-

joining land. A witness for plaintiff testified that the lot from which defendants contend the timber was taken was entirely stripped of timber of the character of that in question within three or four years before the winter to which the testimony related. *Held*, that the question was for the jury, and their verdict in favor of plaintiff would not be disturbed.

Appeal from circuit court, Cattaraugus county.

Action by Henry W. Wedge against James W. McMahon and others, as executors, etc. There was a verdict for plaintiff, and defendants appeal from an order refusing to set it aside, made on the minutes of the court.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*W. H. Henderson*, for appellants.    *E. A. Nash*, for respondent.

DWIGHT, P. J.   The action was for the conversion of a large quantity of saw-logs and railroad ties, alleged to have been cut from the plaintiff's land.   The fact is not disputed that the plaintiff's trees were cut and carried off from his wood lot at about the time alleged, to the number of 1,014, and of the value claimed; nor that the defendants' testator, at about the same time, received at his saw-mill and at a railroad station in the same vicinity saw-logs and ties of an equal or greater amount, and of the same general character and quality of timber, as the plaintiff's trees.   The only question in the case was whether those logs and ties were cut from the plaintiff's land or from land of another proprietor adjoining.

This question of fact was once before tried in an action by the plaintiff against another defendant for trespass in cutting the trees, and the trial resulted in a verdict for the plaintiff.   That case was before this court on an appeal from an order similar to that in this case, and a new trial was granted on payment by the defendant of the costs of the circuit.   The question of fact was both times submitted to the jury upon evidence, in some respects strangely conflicting, which was substantially the same in both cases, except that important evidence in behalf of the plaintiff was added on the trial of this case by the testimony of a witness not called on the former trial.   Even with the addition of that testimony, the evidence might be said to be nearly balanced, and without it to have preponderated in favor of the defendant, but for one leading feature of the case.   The feature referred to is that undisputed evidence tended to show that the plaintiff's trees were cut and removed from his land during the same winter that the timber mentioned was delivered to the defendants' testator; that access to the adjoining land, from which defendants' witnesses say the timber was taken, was had only by wood roads, which traversed, in several directions, the entire length of the plaintiff's lot, and by which, it is conceded, the timber was all drawn out; and no witness on the part of the defendants testifies, but, on the contrary, all of them who are asked the question deny, that they saw any timber cut upon or hauled off from the plaintiff's land during the season, and there is no evidence that any timber of a similar character was delivered that winter at any saw-mill or railroad station in the vicinity besides that received by the defendants' testator.   The additional testimony introduced by the plaintiff on the trial of this action was by the mouth of a witness whom, so far as appears, the jury had a right to believe, and was to the effect that the adjoining wood lot, from which the defendants contend their timber was taken, was entirely stripped of timber of the character of that in question within three or four years before the winter to which the testimony relates.

On the whole, and after a very careful examination of the evidence, as received on the trial of this action, we are clearly of the opinion that the question of fact above stated was for the jury to determine, and that their verdict cannot be disturbed as contrary to evidence.   The exceptions to the charge of the court present only the same question of fact.   The charge was correct in all respects.

There was no error in the admission of the testimony of the witnesses Barstow and Fellows, to the effect that they pointed out the places where they cut and hauled timber to other witnesses, who were able to testify that the places pointed out were on the plaintiff's lot. The testimony was not hearsay, if by it was meant, as was evidently understood by all concerned in the trial, that they pointed out correctly the places where they were in fact at work. There are no other exceptions in the case. The order appealed from should be affirmed, and judgment ordered for the plaintiff on the verdict. All concur.